UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD L. DAVIS, | ) | CASE NO. 4:13 CV 2765 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 16, 2013, Petitioner *pro se* Ronald L. Davis, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed this *in forma pauperis* action for writ of habeas corpus under 28 U.S.C. § 2241. He seeks an order compelling the Bureau of Prisons to immediately place him in a Residential Re-entry Center ("RRC"). Petitioner claims that December 2002 changes in BOP policy concerning RRC placement violate the *Ex Post Facto* Clause. U.S. Const., Art. I, § 10, cl. 1. For the reasons stated below, this action is dismissed.

At the outset, Petitioner concedes he has not yet exhausted the judicially created BOP administrative remedies for federal prisoners bringing a claim pursuant to 28 U.S.C. § 2241. See 28 C.F.R. §§ 542.10-543.16 (1987). Exhaustion of such remedies is required before filing a habeas corpus petition challenging the fact or duration of a sentence. *Little v. Hopkins*, 638 F.2d

953, 953-54 (6th Cir.1981). While Petitioner asserts exhaustion would be futile, he concedes he is not scheduled for release until July 2014. He has thus not demonstrated the futility of the administrative exhaustion process.

Further, Petitioner's claim that he is entitled to RRC placement is not ripe for adjudication because a decision on his suitability for such placement is still pending. Even if his claim regarding RRC placement were ripe for adjudication, moreover, 18 U.S.C. § 3621 grants the BOP broad discretion to designate the place of the inmate's imprisonment.

Finally, laws, policies and other actions violate the Ex Post Facto Clause only if they punish behavior not illegal when committed, or increase punishment beyond that authorized at the time of the offense. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). Petitioner's bald assertion that unspecified BOP policy changes in 2002 violate the *Ex Post Facto* Clause is merely conclusory, there being no reasonable suggestion in the Petition that his punishment was increased by those changes or that his offense became illegal after it was committed.

Accordingly, the Application to Proceed *In Forma Pauperis* is granted, the Petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: March 12, 2014